UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD MCKENNA BRAY,

    Petitioner,                                     Case Number 15-11303
                                                           Honorable David M. Lawson

v.

STEVE RIVARD,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Howard McKenna Bray, presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a petition for writ of habeas corpus challenging his conviction for second-degree home invasion and attempted second-degree home invasion. He alleges in his petition that the state court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines and his sentence violated the Due Process Clause because it was based upon factors not submitted to a jury and proven beyond a reasonable doubt or admitted to by the petitioner. The Court will dismiss the petition because the petitioner's papers plainly demonstrate that he is not entitled to relief. *See* Rule 4, Rules Governing § 2254 Cases.

I.

The petitioner pleaded guilty to second-degree home invasion and attempted second-degree home invasion in the Genesee County, Michigan circuit court and was sentenced to concurrent sentences of 125 months to 22 ½ years in prison on the second-degree home invasion conviction and 47 months to 7 ½ years on the attempted second-degree home invasion conviction. The petitioner's conviction and sentence was affirmed on direct appeal. *People v. Bray*, No. 318206 (Mich. Ct. App.

December 5, 2013), *lv. den.* 495 Mich. 996, 845 N.W. 2d 504 (2014).

On April 7, 2015, the petitioner filed the present petition for a writ of habeas corpus. The petitioner raises two claims for relief:

> A. Points under OV 14 were scored incorrectly under Michigan statutory and case law and US Const. Ams. V and IV.
>
> B. Defendant's score on OV 16 was incorrectly scored because the amount of property stolen was not established by law or the constitution.

II.

After a petition for habeas corpus is filed, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). No response to a habeas petition is necessary if the petition is frivolous, obviously lacks merit, or if the necessary facts can be determined from the petition itself without considering a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

To qualify for relief under 28 U.S.C. § 2254, the petitioner must show that the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28

U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). The analysis of a petitioner's claim is limited to consideration of "the law as it was 'clearly established' by [Supreme Court] precedents at the time of the state court's decision," *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court must have applied *federal* law in a way that is "objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)).

A.

The petitioner contends that the state court incorrectly calculated his sentencing guideline range under the Michigan Sentencing Guidelines. The petitioner is not entitled to relief on this ground. State courts are the final arbiters of state law. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002). Therefore, claims that challenge a state court's sentencing decision under state law are normally not cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). A sentence imposed within the statutory limits is generally not subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

The petitioner does not contend that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. Instead, the petitioner contends that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines. The petitioner's claims that the state trial court improperly departed above the correct sentencing

guidelines range does not entitle the petitioner to habeas relief because such a departure does not violate any of the petitioner's federal due process rights. *Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000); *see also Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004) ("petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations."). The petitioner has not stated a violation of federal law.

B.

The petitioner also contends that his sentence violated the Due Process Clause because it was based upon factors not submitted to a jury and proven beyond a reasonable doubt or admitted to by the petitioner. Prior circuit law forecloses that argument. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir.2009) ("[The petitioner] argues that the Michigan trial judge violated *Apprendi* [*v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000)] by finding facts that raised his minimum sentence. But *Harris v. United States*[, 536 U.S. 545 (2002)] tells us that *Apprendi*'s rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum."). However, the Supreme Court recently decided *Alleyne v. United States*, in which certiorari was granted to consider the constitutionality of allowing a judge, not a jury, to determine facts that increase a mandatory minimum sentence. --- U.S. ---, 133 S. Ct. 2151, (2012). *Alleyne* was decided on June 17, 2013. 133 S. Ct. at 2151. The Court overruled *Harris* and held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury. *Id.* at 5155 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 483 n.10, 490 (2000)).

Michigan uses an indeterminate sentencing scheme for custodial sentences in which the maximum sentence is set by the statute that defines the crime and the sentencing court sets a minimum term of imprisonment that may be as long as two-thirds of the statutory maximum sentence. *See* Mich. Comp. Laws § 769.34(2)(b); *People v. Babcock*, 469 Mich. 247, 255 n.7, 666 N.W.2d 231, 236 n.7 (2003) (citing *People v. Tanner*, 387 Mich. 683, 690, 199 N.W.2d 202 (1972)). However, the sentencing court is obliged to set the minimum term as dictated by the statutory sentencing guideline scheme, which is driven by a scoring system based largely on judge-found facts. *See* Mich. Comp. Laws § 769.34(2); *People v. Drohan*, 475 Mich. 140, 161, 715 N.W.2d 778, 790 (2006).

Because the mandated minimum sentence under Michigan's sentencing system is based on judge-found facts, the Supreme Court's decision in *Alleyne* casts into doubt the continuing validity of *Chontos v. Berghuis*. But that does not matter here. The writ of habeas corpus upsetting a state court sentence may issue only if the state court's decision was contrary to, or unreasonably applied, "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). But the law that state courts must follow is clearly established Supreme Court law as it existed "at the time of the state-court adjudication on the merits." *Greene v. Fisher*, 132 S. Ct. 38, 43 (2011); *see also Miller v. Stovall*, 742 F.3d 642, 644-45 (6th Cir. 2014); *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014) ("*Alleyne* does not apply retroactively to cases on collateral review."). The petitioner was sentenced on March 18, 2013, three months before the Supreme Court's decision in *Alleyne*. Therefore, even if *Alleyne* requires a result different than *Chontos*, the state court's decision was not contrary to federal law clearly established by the United States Supreme Court at the time of the sentencing decision. *See* 28 U.S.C. § 2254(d). The petitioner is

not entitled to habeas relief on his Due Process based sentencing claim.

III.

The state court decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DENIED.**

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: April 22, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 22, 2015.

s/Susan Pinkowski  
SUSAN PINKOWSKI

---